UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-241-KSF

W.L.D., II, et al.                                                                                          PLAINTIFFS

vs.                                      **OPINION AND ORDER**

KENTUCKY HIGH SCHOOL
ATHLETIC ASSOCIATION                                                                      DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Plaintiffs to remand this action to the Boyle Circuit Court. For the reasons set forth below, the motion will be granted.

**I.      BACKGROUND**

Plaintiffs filed this action in the Boyle Circuit Court claiming that the Kentucky High School Athletic Association ("KHSAA") acted arbitrarily and capriciously by refusing to allow a waiver under KHSAA Bylaw 6, the "Transfer Rule," and, thereby, denying W.L.D. II ("W") eligibility to participate as a full member of the Boyle County High School football team after he transferred there on January 5, 2010. W had played on the Danville High School football squad in the fall of 2009. On February 17, 2010, KHSAA made the initial decision to deny a waiver of ineligibility under Bylaw 6. The decision was appealed to a Hearing Officer, who recommended that the waiver of ineligibility be denied. Plaintiffs filed exceptions and requested a new hearing, which was denied. On June 14, 2010 KHSAA Commissioner DeVries issued a final order upholding the hearing officer's recommendations.

In Boyle Circuit Court, Plaintiffs asked the court to overturn the KHSAA ruling and enjoin the Defendants from prohibiting W from participating as a full member of the Boyle County High

School football team and from otherwise interfering with his eligibility. Paragraph 45 of the Complaint states: "Pursuant to Section 11 and other applicable sections of the Kentucky Constitution, W is entitled to be protected from the arbitrary and capricious actions of the Defendants and this action is brought to enjoin a denial of Plaintiff's state and federal constitutional protections against such actions by the Defendants." Paragraph 38 of the Complaint states the KHSAA decision "was arbitrary and capricious in violation of Section 2 of the Kentucky Constitution and sound public policy."

The Defendant's Notice of Removal alleges jurisdiction in this Court pursuant to 28 U.S.C. § 1331, Federal question jurisdiction, based on Paragraph 45. [DE 1 at 1-2]. Plaintiffs moved to remand stating that they "asserted a cause of action under Section 2 and other applicable sections of the Kentucky Constitution rather than the United States Constitution." [DE 3]. They acknowledge using the word "federal" in passing in Paragraph 45 of the Complaint, but state "it is obvious that they intended to allege a violation only of the Kentucky Constitution as no specific Amendment to the United States Constitution or any federal statute or other law is contained therein." *Id.*

## II. ANALYSIS

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow v. CSX Transportation, Inc.*, 431 F.3d 543, 552 (6th Cir. 2006), (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550. "[B]ecause they implicate federalism concerns, removal statutes are to be

narrowly construed" with all doubts resolved against federal jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Eastman*, 438 F.3d at 549-50.

In the present case, it is clear that Plaintiffs are not alleging that federal law creates their cause of action. No federal statute is ever mentioned. Accordingly, the Defendant must show that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise,* 463 U.S. at 27.

The Supreme Court recently said, however: "In sum, *Grable* [*& Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)] emphasized that it takes more than a federal element 'to open the "arising under" door.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2137 (2006). *Empire* involved an action filed in federal court by a federal employee health care administrator against a federal employee plan beneficiary who had recovered damages against a third party in a state-court tort action. Even though the action involved the right to recover medical costs under a federal contract involving a federal employee and all costs and payments went to the Federal Government, the court held there was no federal question jurisdiction.

While the *Grable* court reiterated that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties," the court said it has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." 125 S.Ct. at 2368, (quoting *Christianson v. Colt Industries Operating Corp*, 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (Stevens, J., concurring)).

In *Long*, the Sixth Circuit addressed a similar case involving a state court wrongful termination suit that alleged due process violations under the United States and Kentucky Constitutions, reverse discrimination under Title VII, and wrongful discharge in violation of public policies embodied in four federal criminal statutes. The district court held that it had federal

3

question jurisdiction, granted summary judgment against Long on the due process claims and then remanded the action after Long voluntarily dismissed his Title VII claims. *Id.* at 757-758. On appeal, the Sixth Circuit considered the jurisdictional issue *sua sponte* and affirmed the remand order on the ground that the district court never had "arising under" jurisdiction. It considered the analysis in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) regarding whether "a state-law claim 'necessarily depends' upon a 'substantial question of federal law'" and said:

> Thus, *Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question.

*Id.* at 760. Because Long's complaint both raised state and federal policies regarding his wrongful discharge, the court held that "the resolution of a federal question is not *necessary* or *essential* to the resolution of Long's wrongful discharge claim" and, thus, the district court lacked federal question jurisdiction. *Id.*

In the present case, Plaintiffs' claim that the Kentucky High School Athletic Association and others acted arbitrarily in refusing to waive the Transfer Rule certainly should be decided under state law and does not "necessarily" require resolution of "a substantial question of federal law." *Eastman*, 438 F.3d at 550; *Long*, 201 F.3d at 760. Plaintiffs specifically relied upon two sections of the Kentucky Constitution and referenced the federal constitution only in passing.

The burden was on the Defendants to show that this Court would have original jurisdiction. The face of Plaintiffs' Complaint does not show any substantial federal question that is necessary or essential to resolution of his claim. It is the Opinion of this Court that it lacks subject matter jurisdiction, and the case should be remanded to the Boyle Circuit Court.

4

### III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion to remand this matter to the Boyle Circuit Court [DE 8] is **GRANTED**. Because this Court lacks jurisdiction, it has not considered Plaintiffs' motion for temporary restraining order or preliminary injunction.

This November 12, 2010.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**